UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUPE VAZQUEZ-MACIEL,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA<br><br>    Respondent. | Cr. No. 10-2927GT<br>Cv. No. 11-2709GT<br><br>**ORDER** |

On November 16, 2011, Petitioner, Lupe Vazquez-Maciel ("Mr. Vazquez"), filed a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255. Mr. Vazquez argues that his counsel was ineffective. The Court has fully considered this matter, including a review of Mr. Vazquez's brief filed, the authorities cited therein and the arguments presented. For the reasons stated below, Mr. Vazquez's Motion to Vacate, Set Aside or Correct Sentence is **DENIED**.

First, Mr. Vazquez pled guilty, pursuant to a written plea agreement, to one count of Attempted Entry After Deportation, in violation of 8 U.S.C. § 1326. In the written plea agreement, Mr. Vazquez explicitly waived his right to appeal and/or collaterally attack his conviction or sentence. The Ninth Circuit has long acknowledged that the terms of a plea agreement are

enforceable. See, United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), cert. denied, 117 S.Ct. 1282 (1997). Since Mr. Vazquez expressly waived his statutory right to appeal or collaterally attack his sentence in his plea agreement, Mr. Vazquez is now precluded from challenging that sentence pursuant to 28 U.S.C. § 2255. See, United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that a knowing and voluntary waiver of a statutory right is enforceable).

Moreover, even if Mr. Vazquez had not expressly waived his right to appeal or collaterally attack his sentence, his petition would still fail. In essence, Mr. Vazquez argues that his counsel was ineffective. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that this deficient performance prejudiced the petitioner. Strickland v. Washington 466 U.S. 668, 687 (1984). The petitioner must show that but for counsel's errors he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985). Mr. Vazquez has made no showing that he would have gone to trial but for the errors of his counsel or that his counsel made any errors. Mr. Vazquez simply argues that he had expected a sentence of 33-41 months and received a sentence of 51 months. However, this was based on a criminal history category of II and Mr. Vazquez's criminal history category was calculated as a IV. The written plea agreement explicitly states that there was no agreement as to the criminal history category. Accordingly,

**IT IS ORDERED** that Mr. Vazquez's Motion to Vacate, Set Aside or Correct Sentence is **DENIED**.

**IT IS SO ORDERED.**

11/9/12
date

GORDON THOMPSON, JR.
United States District Judge

cc: AUSA Bruce Castetter      Petitioner